IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YONG T. SHIN and SANG EUN SHIN,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. F/K/A WACHOVIA MORTGAGE, FSB F/K/A WORLD SAVINGS BANK, FSB and NDEX WEST, LLC,

    Defendants.

No. C 13-00579 WHA

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

## INTRODUCTION

In this mortgage foreclosure action, pending before the Court is defendants' motion to dismiss all of plaintiffs' claims for relief. Pro se plaintiffs have twice failed to respond to the motion to dismiss, despite an order to show cause requiring that they do so by a certain date. For the following reasons, plaintiffs' complaint is **DISMISSED**.

## STATEMENT

In January 2013, defendants removed this action from state court. The complaint alleges state law claims related to the foreclosure on plaintiffs' residential property. On February 14, defendants filed the instant motion to dismiss plaintiffs' claims (Dkt. No. 6). Plaintiffs' opposition was due March 4. No opposition or statement of non-opposition has been received.

United States District Court
For the Northern District of California

On February 21, defendants filed a notice of related case (Dkt. No. 8). On March 5, an order issued relating this case to *Shin v. Wells Fargo Bank, et al.*, No. C 12-01561 WHA, and the action was reassigned to the undersigned judge. The complaints in both actions relate to the same foreclosure of the same property.

Defendants renoticed the hearing on the instant motion to dismiss for May 2. An order was issued setting a briefing schedule and informing the parties that plaintiffs' response to the motion was due April 2 (Dkt. No. 18). The order explicitly noted for the benefit of pro se plaintiffs that "failure to timely respond to the motion to dismiss may result in the motion being granted or the action being dismissed for failure to prosecute" (*ibid.*). Plaintiffs failed to file any response by April 2. An order to show cause was issued, requiring a response from plaintiffs by April 17 (Dkt. No. 26). Again, no response was received.

This order notes that plaintiffs appear to have a history of failing to timely respond to defendants' motions to dismiss, then dismissing the action and re-filing soon thereafter. In the related case, *Shin v. Wells Fargo Bank, N.A.*, No. 12-01561-WHA, plaintiffs also failed to respond to defendants' motion to dismiss. In that action, having failed to timely respond to defendants' motion to dismiss, plaintiffs were ordered to show cause as to why the action should not be dismissed for failure to prosecute. In response, plaintiffs voluntarily dismissed that action.

Similarly, in late 2012, plaintiffs also filed an action on the same property in state court, this time in the Superior Court for County of Orange. *Shin v. Wells Fargo Bank, N.A.*, 30-2012-00602128-CU-OR-CJC. In January 2013, plaintiffs moved to voluntarily dismiss that action. Less than a week later, they filed the instant action.

**ANALYSIS**

Rule 41(b) provides that an action may be dismissed for failure to prosecute: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While Rule 41(b) only explicitly authorizes dismissal on the defendant's motion, courts have the inherent power to sua sponte dismiss an

action for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Dismissal of plaintiffs' complaint is appropriate in the circumstances here. Were plaintiffs' action to remain on the docket, plaintiffs' non-responsiveness would compromise the Court's ability to manage the docket and would impair the public interest in expeditious resolution of litigation. Defendants, who have already prepared and filed a motion to dismiss, would be prevented from pursuing a resolution on the merits. Consideration of a sanction less drastic than dismissal seems superfluous under these circumstances, given plaintiffs' repeated dismissal and refiling of actions. Plaintiffs were given a fair opportunity to present their case, and they have chosen not to do so. Accordingly, plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Because plaintiffs have failed to respond to defendants' motions to dismiss, plaintiffs' complaint is **DISMISSED WITH PREJUDICE**. The Clerk shall close the file. Judgment will be entered in favor of defendants by separate order.

**IT IS SO ORDERED.**

Dated: April 18, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE